HARRY BROTHERS COMPANY ET AL. v. THOMPSON DAVIS COMPANY ET AL.

Decided February 1, 1907.

**1.—Judgment Final After Term.**

After the expiration of the term a judgment rendered during the term is final and conclusive of the rights of the parties, and can only be vacated by a direct proceeding for that purpose upon equitable grounds.

**2.—Same—Receivership—Prior Attachment.**

At the instance of certain creditors a receiver was appointed by the District Court for an insolvent corporation; prior to such appointment another creditor had sued in the County Court and attached a part of the assets of the corporation; the receiver applied to the District Court for an order requiring the sheriff to turn over to him the attached property, which application was referred to a master in chancery; the attaching creditor appeared before the master and claimed a superior lien to the attached property; the master reported that the attached property should be turned over to the receiver to be sold by him, and that the attaching creditor should intervene in the receivership proceedings; this report was approved, and an order made directing all persons having claims against the corporation to intervene; in the receivership suit the master, after due notice to all persons having claims against the corporation, reported that the plaintiffs in that suit were entitled to a first lien upon the assets of the corporation and his report was made the final judgment of the court, and the property ordered sold and distributed; at a subsequent term, but before the distribution of the proceeds of sale by the receiver, the attaching creditor filed a pleading in the receivership suit in the District Court showing that his attachment lien had been foreclosed in the County Court and praying that its judgment be given priority over the claims of all other creditors; this prayer was granted by the District Court without any order setting aside its former judgment and without notice to other creditors. Held, that by the pleading filed by the attaching creditor in answer to the application of the receiver to have the attached property turned over to him, the attaching creditor made itself a party to the receivership proceedings and the judgment therein at a former term was conclusive of its rights. Its remedy was by appeal therefrom.

Error from the District Court of Jefferson County. Tried below before Hon. A. T. Watts.

*Molette & Wilkerson,* for plaintiffs in error.—The court erred in permitting the filing of the intervention of the Sarpy Oil and Transportation Company on May 4, 1904, after the rendition of final judgment in the appellant's favor at the preceding term of court. Van Bibber v. Geer, 12 Texas, 17; Stewart v. State, 42 Texas, 242; Pacific Express Company v. Williams, 2 Texas App. Civ., 716; 3 Pom. Eq., par. 1320, note 1; 11 Encyclopedia of Pleading and Practice, 503; Brown v. Saul, 16 Am. Dec., 175 (note); Central Trust Company v. St. Louis Ry. Co., 24 Fed. Rep., 151.

PLEASANTS, ASSOCIATE JUSTICE.—Plaintiffs in error having claims against the Thompson Davis Power Company, an insolvent corporation, brought suit thereon and applied for the appointment of a receiver to take charge of and administer the assets of said corporation.

The application for receivership was heard by the court on August 14, 1903, and was ·granted, and R. L. Montgomery was appointed and qualified as receiver. Prior to the institution of this suit the Sarpy Oil & Transportation Company, one of the appellees herein, had brought suit in the County Court of Jefferson County on a claim held by it against the Thompson Davis Power Company and had in said suit procured the issuance and levy of an attachment upon a portion of the property of the last named company.

On August 18, 1903, the receiver applied to the court for an order directing the sheriff to turn over to him the property held under the attachment issued in the suit of the Sarpy Company. This application was referred by the court to the Master in Chancery. The Sarpy Company appeared before the Master and in answer to the application set up the facts of the institution of its suit in the County Court and the levy of the attachment prior to the institution of the receivership proceedings and claimed that by virtue of such facts it had secured a lien on the property superior to any asserted in the receivership suit. It further answered as follows:

"The Sarpy Oil Transportation Company make no objection to having this property returned over to the receiver in this cause if this Honorable Court shall see proper to so direct, but does claim a prior lien upon the said property and upon the proceeds thereof, if sold, to satisfy the amount of indebtedness due from the defendant, Thompson Davis Power Company, to the Sarpy Oil Transportation Company which indebtedness is made the basis of the aforesaid suit No. 654 pending in the County Court of Jefferson County, Texas, as well as to pay all costs· incurred in said suit, including costs incurred by the sheriff in keeping and preserving the said property, and claims that by virtue of the attachment issued as aforesaid and levied upon said property, it has secured an attachment lien prior to the claims of any other party upon the said property and its proceeds."

"The Sarpy Oil Transportation Company would further show that the property aforesaid is in danger of serious, immediate and constant deterioration, and ·that the keeping of the same until the trial of said cause No. 654 in County Court of Jefferson County, Texas, or until the rights of the parties can be adjudicated in this cause, will necessarily be attended with such expense and also with such deterioration in value as to greatly lessen the amount likely to be realized therefrom." The answer concludes with a prayer that the property be ordered sold and that the proceeds be deposited in the registry of the court subject to further orders of the court.

After hearing the application and answer the Master reported to the court that in his judgment the property should be turned over to the receiver and sold by him and that the Sarpy Company should intervene in the receivership proceedings. This report was approved by the court on September 24, 1903, and an order made directing the sheriff to turn

over the property to the receiver, and directing all persons having claims against the Thompson Davis Power Company to intervene in this suit.

On November 28, 1903, the defendant Thompson Davis Power Company answered and upon a hearing had before the Master he reported allowing the claim of appellants as a first lien upon the property in the hands of the receiver. This report was approved by the court on February 16, 1904, and a judgment entered in favor of appellants for the respective amounts claimed by them and foreclosing their lien on the property and ordering it sold by the receiver.

It does not appear that any pleading had been filed in the suit by the Sarpy Company prior to the rendition of this judgment other than that filed by it in answer to the application of the receiver to have the property held under the attachment ordered turned over to him, the contents of which have been before stated. The judgment above referred to recites that all parties to the suit were duly served with notice and appeared before the Master in person or by attorney and that no exception had been filed to the Master's report.

In pursuance of this judgment the receiver sold the property as directed and made report of such sale on July 14, 1904. This report shows that the proceeds of such sale had been applied by the receiver to the payment of all claims which had been allowed by the court, including the claims of appellants, and that he still held in his hands a balance of $320.70. Prior to the filing of this report, however, the Sarpy Company had filed a pleading setting up that it had obtained a judgment in the County Court of Jefferson County on its claim against the Thompson Davis Power Company with foreclosure of its attachment lien and praying that its claim evidenced by said judgment be given priority over all other claims asserted in the receivership suit and the receiver be directed to pay said claim first out of the proceeds of the sale of the property which had come into his hands. This pleading was filed on May 4, 1904, during a subsequent term of the court to that at which the judgment before mentioned in favor of appellants was rendered. No notice was given of the filing of this plea.

On July 16, 1904, the court considered this plea and without setting aside the former judgment in favor of appellants rendered and entered a judgment fixing a first lien in favor of the Sarpy Company for the amount of the County Court judgment upon all of the property and the proceeds of the sale of property in the hands of the receiver and directing that the amount of the Sarpy Company judgment be paid out of the funds in his hands.

The receiver failed to comply with this order, and on September 16, 1904, the Sarpy Company filed a motion asking that he be cited for contempt and that the court should take such steps as might be deemed proper to enforce its said judgment.

Upon the hearing of this motion on December 27, 1904, the court set aside the previous judgment giving appellants a prior lien upon the property and adjudged that the attachment lien of the Sarpy Company was entitled to priority. This judgment recites that it is the final decree in the receivership suit and proceeds to adjust the respective rights of all the parties to the proceeding and orders a distribution of all of the assets that had come into the hands of the receiver.

We shall not discuss the assignments of error in detail, the question presented which, in our opinion, is controlling in the disposition of this appeal, is whether the trial court had the authority to set aside the judgment in favor of appellants upon the application of the Sarpy Company made at a subsequent term of court to that at which such judgment was rendered.

We think this question must be answered in the negative. The judgment of February 16, 1904, is a final judgment fixing the lien of appellants against all parties to the proceeding, and any party thereto not satisfied therewith was required to file motion for new trial and have the same acted on at the term of court at which the judgment was rendered, and if such motion was not granted the complaining party could have appealed from said judgment. We think the pleading of the Sarpy Company filed in answer to the application of the receiver to have the property attached by said company turned over to him, put said company in court and made it a party to the judgment in favor of appellants, and not having filed a motion for new trial in proper time the judgment could only be set aside upon equitable grounds in a suit brought for that purpose. (Graham v. Coolidge, 5 Texas Ct. Rep., 797.)

That a court has no authority to entertain a motion for a new trial after the expiration of the term at which the judgment sought to be set aside was rendered is well settled. (Luther v. Western U. Tel. Co., 1 Texas Ct. Rep., 426.)

Whatever may be the rights of the Sarpy Company against the receiver and the other parties who obtained no judgment fixing a lien upon the property, we think that the judgment fixing appellants' lien is final and conclusive, and the plea and motions filed by said company insofar as they seek to disturb the judgment in favor of appellants should be dismissed.

From this conclusion it follows that the judgment of the court below should be reversed and judgment here rendered dismissing the plea and motion of the Sarpy Company insofar as they seek to set aside the judgment in favor of appellants, and it has been so ordered.

*Reversed and rendered.*